UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES of AMERICA,

v.

CHRISTOPHER TRYBUS,

        Defendant.

**Hon. Hugh B. Scott**

05-MJ-2161

**Order**

Before the Court is its own sua sponte motion regarding speedy trial in light of Zedner v. United States, 547 U.S. ___, 126 S.Ct. 1976 (2006) (Docket No. 12).

## BACKGROUND

On September 30, 2005, a criminal Complaint was filed against defendant for possession of marijuana (Docket No. 1). Defendant made an initial appearance on that same date, had counsel present but had not yet fully retained counsel, and conditions of release were imposed (Docket No. 2); see also 18 U.S.C. § 3161(h)(8)(B)(iv) (can exclude time due to continuity of counsel issues). On October 7, 2005, a status conference was held in which defense counsel indicated that he was fully retained (Docket No. 4). For Speedy Trial Act purposes, October 7, 2005, is the starting date for the thirty days for the government to indict this case, see 18 U.S.C. § 3161(b). Absent an exclusion, that period ended on November 6, 2005.

At a status conference on November 3, 2005, counsel indicated that he was awaiting discovery and the Court excluded time under 18 U.S.C. § 3161(h)(8) under the ends-of-justice (Docket entry of Nov. 3, 2005). A status conference and preliminary hearing was scheduled for

December 15, 2005, but not held, with a representation that plea discussions were under way (Docket No. 6). A preliminary hearing was set for February 2, 2006, but not held; with counsel representing plea negotiations were ongoing, and time excluded under § 3161(h)(8) (Docket No. 7). The preliminary hearing was held again on March 9, 2006, again with representations that a plea offer was tendered by the government, time excluded again under § 3161(h)(8) and a further return date for the preliminary hearing (Docket No. 8). At the preliminary hearing scheduled for April 25, 2006, it was reported that defendant had health problems that prevented his participation in plea negotiations; time again was excluded as in prior sessions and a new date set (Docket No. 10), cf. 18 U.S.C. § 3161(h)(1)(A) (recognizing delay due to examination determining defendant's physical capacity), (3)(A) (unavailability of defendant), (4) (delay from defendant physically unable to stand trial). The preliminary hearing scheduled for May 24, 2006, was not held but parties represented that a plea would be ready within two weeks; time again was excluded and the hearing was adjourned again (Docket No. 11).

   On June 14, 2006, after the Supreme Court decided Zedner, a pretrial conference was held. There, this Court sua sponte raised the issue the import of Zedner on speedy trial problems in this case and requested that the government file an affidavit on the time periods excluded in this case (including discussion, under seal, of the consideration for a plea) by June 21, 2006, and gave defendant three days thereafter to respond to that filing (Docket No. 12). To date, the government has not filed an affidavit in this case. As of the Court's motion, time was excluded from June 14, 2006, for preparing submittals on the motion, see 18 U.S.C. § 3161(h)(1)(F), (J); United States v. Rodriguez, 824 F. Supp. 657, 660 (W.D. Tex. 1993) (Guirola, Mag. J.) (court

issues show cause order why case should not be dismissed on speedy trial grounds), adopted, 824 F. Supp. 657 (W.D. Tex. 1993) (Bunton, D.J.).

## DISCUSSION

I.    Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. (or the "Act"), sets forth the statutory time limits for a criminal case to be prosecuted from arrest to trial. The Second Circuit in United States v. Gaskin, 364 F.3d 438, 455 (2d Cir. 2004), reasoned that the aim of the Act was to have the charges actually pending against a defendant be promptly prosecuted, see United States v. Hillegas, 578 F.2d 453, 456 n.3 (2d Cir. 1978). As the Gaskin court noted, the Complaint is a public pronouncement by the government that it has probable cause to believe that a defendant has committed the offenses charged therein, 364 F.3d at 455. Thus, under the Act, the government has thirty days from the arrest or service of the summons on a criminal Complaint to indict or file an information, 18 U.S.C. § 3161(b); see Fed. R. Cr. P. 3, 4(a), or risk dismissal of the Complaint. If a defendant is not indicted or charged in an information within that time the Complaint "shall be dismissed or otherwise dropped," 18 U.S.C. § 3162(a)(1), with the court determining whether that dismissal is with or without prejudice, id.[1]

The act contains several express exclusions from the time to calculate its deadlines to indictment or to trial. Some of the most common exclusions include motions and their deliberation, 18 U.S.C. § 3161(h)(1)(F), (J) (30 days for matters under advisement by the Court);

---

[1] Similarly, once a case is indicted, it must be tried within seventy days of the latter of either the filing of the indictment or information or the appearance by the defendant on that pleading, 18 U.S.C. § 3161(c)(1), and, if the trial is not commenced by that deadline, the defendant may move to dismiss on speedy trial grounds, 18 U.S.C. § 3162(a)(2).

defendant's mental or physical capacity, 18 U.S.C. § 3161(h)(1)(A), (4), (5); plea agreements pending Court consideration, 18 U.S.C. § 3161(h)(1)(I); issues surrounding the continuity of defense counsel and the ability of defense counsel reasonably to prepare for trial, 18 U.S.C. § 3161(h)(8)(B)(iv); cf. id. § 3161(h)(8)(C) (counsel must engage in due diligence in preparing for trial). One additional exclusion is the "ends-of-justice" exclusion of 18 U.S.C. § 3161(h)(8), which "permits the exclusion of time for continuances required in the interest of justice," Comm. on the Admin. of the Criminal Law, Jud. Conf., Guidelines to the Administration of the Speedy Trial Act of 1974, As Amended, 106 F.R.D. 271, 299 (1984). This exclusion was the focus of the Supreme Court's recent analysis in Zedner, 126 S.Ct. 1976 (2006). As summarized by the committee of the Judicial Conference, "for time to be excluded under paragraph (h)(8), the judge must find that 'the ends of justice served' by granting the continuance 'outweigh the best interest of the public and the defendant in a speedy trial' and must set forth the reasons for the finding in the record." 106 F.R.D. at 299 (quoting 18 U.S.C. § 3161(h)(8)(A)). Congress has not expressly included time for pre-indictment "voluntary" discovery or for conducting plea negotiations and Court docket congestion is not a recognized excuse for compliance with the Act, 18 U.S.C. § 3161(h)(8)(C). Sanctions may be imposed, however, if counsel seek an exclusion without justification or based upon false information, see 18 U.S.C. § 3162(b)(2)-(4).

II.     Zedner v. United States

Zedner v. United States, 126 S.Ct. 1976 (2006), involved an indictment that was not tried within the seventy days called for under the Act, see 18 U.S.C. §§ 3161(c)(1), 3162(a)(2), due to a waiver of speedy trial "for all time" that defendant executed. The Zedner Court rejected such an open-ended waiver as infringing upon the public's interest in conducting a speedy trial,

126 S.Ct. at 1985-86, denying that the defendant could prospectively waive speedy trial, id. at 1986-87, or that defendant was estopped from claiming speedy trial rights, id. at 1987-88. The Court concluded by rejecting harmless error arguments to excuse the time, id. at 1988-89. Although arising from an indictment, Zedner broadly construed the entire Speedy Trial Act and applied it to criminal Complaints as well as indictments or informations. See, e.g., Gaskin, supra, 364 F.3d 438 (dismissal of indictment filed beyond 30 days of complaint); United States v. Ullah, No. 04CR30(A)(F), 2005 U.S. Dist. LEXIS 12419, at *47-56, *48, Report & Rec. (W.D.N.Y. Mar. 17, 2005) (Foschio, Mag. J.) (citing Gaskin, dismissing complaint); United States v. Cortinas, 785 F. Supp. 357, 359, 360 (E.D.N.Y. 1992) (analysis of possible exclusions of time between entry of complaint and indictment, dismissing complaint without prejudice). Zedner held that the District Court under the Act has to make a record of findings that "the ends of justice served by granting the continuance outweigh the public's and defendant's interest in a speedy trial. This provision gives the district court discretion--within limits and subject to specific procedures--to accommodate limited delays for case-specific needs." Id. at 1984. The Zedner Court noted the ambiguity in the Act as to when that record needs to be made and that the best practice is to make the findings at the time the continuance is granted, id. at 1989, 1989 n.7.

III.   Application

In this case, the Complaint was filed on September 30, 2005 (Docket No. 1), when defendant made his initial appearance (Docket No. 2), with defendant not fully represented at that proceeding. Hence, the Act's speedy trial clock began to run at the next status conference on October 7, 2005, when defense counsel indicated that he was fully retained, avoiding a continuity of counsel issues, see 18 U.S.C. § 3161(h)(8)(B)(iv). Thirty days ran from October 7, 2005,

without exclusion, to November 6, 2005.  Meanwhile, the parties made various appearances, representing that plea negotiations were under way and sought continuances, which were routinely granted (e.g., Docket Nos. 4, 6, 7, 8, 10, text entry of Nov. 3, 2005).  The only other basis stated for a continuance was voluntary discovery.  A review of the docket by the Court, however, does not indicate a continuance sought for a reason stated in the statute or one stated on the record as required by Zedner.  The problem here is the failure to create a sufficient record called for by the act, as emphasized by Zedner.  The government was given the opportunity to submit an affidavit outlining what it believes the record shows broadly for the excluded periods.  The government has declined to submit anything.  Therefore, there is no clear record for the earlier continuances and the speedy trial clock on this case ran as of November 6, 2005.

IV.    Dismissal With or Without Prejudice

Under 18 U.S.C. § 3162(a)(1) after finding the Speedy Trial Act violation, the Court must next decide whether dismissal of the Complaint is with or without prejudice.  The Act sets forth three factors the Court must consider in making this decision:  the Court must consider the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, id.; see United States v. Taylor, 487 U.S. 326, 336, 337, 338 (1988); United States v. Cortinas, 785 F. Supp. 357, 360-62 (E.D.N.Y. 1992).

A.    Seriousness of the Offense

Defendant was charged with possession of more than 50 kilograms of marijuana (Docket No. 1).  Courts in this Circuit have held that possession of even small quantities of drugs

constitute a serious offense for Speedy Trial Act purposes.  See Cortinas, supra, 785 F. Supp. at 360 (citing cases).  Thus, this factor favors dismissal without prejudice.

  B. Facts and Circumstances Leading to Dismissal

Four of the court appearances, over a five-month period, noted varying degrees of progress toward a plea agreement, with a fifth conference noting that defendant could not negotiate his plea due to illness.  As a result, a speedy trial clock that started in October 2005 remains running in June 2006 due to continuances.  The length of the delay alone would warrant a with prejudice dismissal.  Also, the government failed (when given the opportunity to come forward to support any exclusion of time) to flesh out the record to support each continuance granted.

However, this case is typical of many pre-indictment cases currently pending before this Court which languish in either voluntary discovery or plea negotiations, where there is no clear record (as emphasized by Zedner but always required by the Act) to justify the numerous, routine continuances granted.  In particular, there was no weighing of the public's interests (as distinct from the government's) in granting any given continuance here, as required by Zedner and the Act.  Since this practice was no more egregious in this case than others and without any showing of bad faith by the government or prejudice to defendant, on this factor the dismissal here should be without prejudice.

  C. Impact of Reprosecution on Speedy Trial Act and Justice Generally

First, given the ultimate dispositive nature of a dismissal of a Complaint with prejudice, a Magistrate Judge lacks jurisdiction under 28 U.S.C. § 636 to order dismissal on that basis.  See United States v. Segal, No. 02CR112, 2002 WL 538775, at *2-3 (N.D. Ill. Apr. 10, 2002).  But

even assuming that a Magistrate Judge has such jurisdiction, dismissal with prejudice is not warranted here. This case has been handled like many others before this Court prior to <u>Zedner</u> and all concerned assumed that a relaxed interpretation of the Act was the order of the day. <u>Zedner</u>, despite musings to the contrary, reminds the Court and practitioners that the Speedy Trial Act means precisely what it says and that parties can not stipulate its terms away. Dismissal of this case, as required by the Act, but without prejudice suffices in maintaining adherence to the Act's goals of speedy disposition of criminal prosecutions.

As for administration of justice, justice was used as the basis for granting continuances that now imperil this prosecution. Here the parties were working toward a plea resolution, representing at the last conference that the government has made a plea offer (<u>see</u> Docket Nos. 8, 12). It would be a waste of judicial resources expended to date on this prosecution to dismiss it with prejudice while a possible plea resolution is in the offing. Fortunately for this defendant, he was not in detention during the pendency of these charges (<u>see</u> Docket No. 3), so reinstituting them would not prejudice his liberty. By allowing its dismissal without prejudice, the government may decide to reinstitute the charges and obtain defendant's agreement to a plea to the new charges. Therefore, this factor also favors dismissal without prejudice.

By consideration of the statutory factors under 18 U.S.C. § 3162(a)(1), dismissal of this Complaint **without prejudice** is warranted.

## CONCLUSION

For the reasons stated above, the criminal complaint in this matter is **dismissed without prejudice**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 23, 2006